IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REIDIE JACKSON, PRO SE,<br>TDCJ-CID No. 1164177,<br>Previous TDCJ-CID No. 795456,<br>Previous TDCJ-CID No. 874760,<br>JERMAINE LANDRUM,<br>TDCJ-CID No. 1403311<br><br>Plaintiffs,<br><br>v.<br><br>JOHN ADAMS ET AL.,<br><br>Defendants. | §§§§§§§§§§§§§§§ 2:10-CV-0261 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff REIDIE JACKSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against ten defendants employed by or associated with the Texas Department of Criminal Justice and has been granted permission to proceed in forma pauperis.

The original complaint was also signed by inmate JERMAINE LANDRUM. Inmate LANDRUM did not pay the filing fee nor did he submit an application to proceed in forma pauperis. On May 23, 2011, a show cause order issued giving LANDRUM until June 6, 2011 to respond and show cause why he should not be dismissed from this cause. The response period has expired, and no response has been received. It appears inmate LANDRUM has abandoned this cause and his claims should be dismissed for failure to prosecute.

On May 9, 2011, an Order to Cure Deficiencies by Amended Complaint and Findings, Conclusions and Recommendation issued in the instant cause, informing plaintiff JACKSON of the deficiencies in his original complaint and ordering him to cure by filing an amended complaint or to file objections to the Findings, Conclusions and Recommendation.

Plaintiff filed his Amended Complaint on May 20, 2011.

By his Amended Complaint, plaintiff JACKSON alleges he has been prosecuted for acts which constitute crimes under Texas state law, but that these prosecutions have been handled by defendants through the disciplinary process of the Texas prison system. Plaintiff alleges defendants ADAMS, BERGER, BAKER, CLARK, and NASH have a fiduciary responsibility to plaintiff to abide by state and federal laws and to ensure his civil rights are not violated. Plaintiff states any warden, major or captain in TDCJ-CID can participate in the disciplinary process. As a result of disciplinary cases, plaintiff states he has suffered punishments including the use of force, confiscation of money from his inmate account, confiscation of personal property, cell restriction, confiscation of accumulated goodtime credits, visitation restriction, denial of line class, and confinement to administrative segregation. Plaintiff says the disciplinary rules are used for population management and retaliation. Plaintiff does not challenge any specific disciplinary rule or application of the disciplinary process, but challenges the entire disciplinary process.

Plaintiff JACKSON further alleges defendants GLENN, EDWARDS, MASSEY, BRINKLEY, and SEGMAN are all mailroom personnel who are responsible for handling inmate mail and that they utilize illegal rules to deny inmates general correspondence, justifying the rules with security concerns. He complains they restrict books and publications concerning

death, rape, sex, drugs, and assault and use the rules to relieve themselves of the duty to deliver the mail. As with the disciplinary rules, plaintiff does not challenge any one rule or application of the rules, but the fact that there are correspondence rules at all.

Plaintiff JACKSON has attached some grievances to his complaint as "examples of the ongoing violations that are enacted and enforced by defendants" but, as his statement of claims shows, he does not base his complaint on the incidents forming the basis for those grievances. Instead, he asserts the broader claims set forth above.

Plaintiff JACKSON requests an award of damages and that TDCJ-CID be ordered "to get in compliance with the law."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

Plaintiff's statement of claim fails to state a claim that any federally protected right has been violated by any one or more of the defendants. To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has utterly failed to state a claim on which relief can be granted against any of the named defendants.

Plaintiff's attempt to challenge the entire disciplinary procedure is frivolous. Plaintiff was not prosecuted for the criminal acts he alleged formed the basis for disciplinary actions; he was, quite simply, disciplined. Thus, plaintiff was not entitled to the full panoply of rights which accompany criminal conviction. If the determination had been made that plaintiff's actions were egregious enough to justify referral for criminal prosecution, which sometimes happens if the crime is committed while the defendant is already serving time, plaintiff could have been disciplined as well as subjected to criminal prosecution. Plaintiff's belief that his behavior merited criminal conviction instead of a disciplinary procedure does not state a claim of

constitutional dimension. Plaintiff is attempting to assert a constitutional right which does not exist and his claim, therefore, is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's attempt to challenge the existence of correspondence rules which limit his First Amendment freedom of speech while in prison is likewise frivolous. Plaintiff offers the global argument that the defendants enforce prison correspondence rules all of which are, per se, unconstitutional.

The Constitution is superior to any ordinary legislative act and, where they both apply to the same subject matter, it is the Constitution which must govern. *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803). "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each." *Id.* Therefore, it is the province of the courts to interpret the Constitution.

The Supreme Court has ruled that an inmate's First Amendment correspondence rights may be limited by regulations reasonably related to the institution's legitimate governmental interest, such as, for example, security. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Plaintiff's challenge to the entirety of the correspondence rules is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Plaintiff JACKSON has been given ample opportunity to provide his best factual statement. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Plaintiff has had the

opportunity to amend to allege his best case and appears to have done so. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff REIDIE JACKSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Further, in light of the failure of plaintiff LANDRUM to pay the filing fee, request pauper status, or respond to the show cause order, LANDRUM's claims are DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the _____ day of June, 2011.

MARY LOU ROBINSON
United States District Judge